## OLIVER DENNETT & *ux. vs.* JOSIAH DOW.

The rule that a party cannot discredit his own witness by proving that he had made contradictory statements at other times, does not apply to those cases where the party is under the necessity of calling the subscribing witnesses to an instrument.

Where the party in favor of establishing a will, calls a subscribing witness to the execution thereof, who on examination expresses an opinion unfavorable to the soundness of mind of the testator, and testifies to facts tending to prove the same, the party calling him may prove that such subscribing witness had before expressed opinions and made statements contradicting the testimony then given, and that he had in the same case testified differently in a former hearing.

Motions for new trials on account of matter arising out of Court, should state the facts expected to be proved, and the names of the witnesses by whom the proof is expected to be made; but when it is not done, the Court may at any time before judgment, under the rule, " for good cause by special order, enlarge the time " for filing such motion.

THIS was an appeal from the Probate Court, approving the last will of *Stephen Neal,* in which *Dow* was named as executor. At

Dennett *v.* Dow.

the trial before SHEPLEY J. the questions submitted to the jury were the sanity of the testator, and the due execution of the will. The subscribing witnesses to the will having been called and examined by the appellee, *Josiah Dow,* two of them expressed opinions unfavorable to the soundness of mind of the testator at the time he executed the will, and testified to certain facts tending to prove it. The counsel for the appellee proposed and offered to prove, that the same subscribing witnesses had before expressed opinions and made statements contradicting their testimony as now given ; and that they had in the same case testified differently in a former hearing. This testimony the Judge refused to admit. If it should have been admitted, the verdict being in favor of the appellant, a new trial was to be granted.\*

*Preble* and *Neal,* for *Dow,* argued, that the principle of law, that a party shall not discredit a witness called by himself, does not apply to a witness required by the provisions of the statute to be called in the first instance, before any other proof is made. They also contended, that the testimony offered and rejected was admissible, as proof of facts. It is well settled that facts may be proved in any case inconsistent with, or contradictory to the statement of the party's own witness. Here the subscribing witnesses to the will give their opinion respecting the sanity of the testator, and we offer evidence to prove as a fact, that the opinion of the witness

---

\* In this case a motion for a new trial was filed by the counsel for the appellee within two days after the verdict, alleging among other things, that "certain individual jurymen " who returned the verdict, had " conversed with individuals not of the jury during the pendency of the cause, and on the subject of the cause and question pending before them." Neither the jurors, nor the persons with whom the conversation was said to have taken place, were named in the motion. When the case came on for hearing before the whole Court, the counsel for *Dennett,* for that cause, objected to the consideration of the motion, and cited *Warren* v. *Hope,* 6 *Greenl.* 479. The counsel for *Dow,* then moved to amend the motion, and also for an enlargement of the time for filing the motion, under the 26th rule of this Court.

BY THE COURT. — Motions for new trials on account of matter arising out of court, should state the facts expected to be proved, and the names of the witnesses by whom the proof is expected to be made. The Court however may under the rule, at any time before judgment, " for good cause by special order, enlarge the time," for filing such motion.

was not such as he stated. They cited 1 *Stark. Ev.* 147, 148, 330; *Goodtitle* v. *Clayton,* 4 *Burr.* 2224; *Roscoe on Ev.* 66; 7 *Taunt.* 251; 2 *Adams,* 245, 441; *Lowe* v. *Jolliffe,* 1 *Black. R.* 365; 1 *Phillips' Ev.* 90; *Buckminster* v. *Perry,* 4 *Mass. R.* 593; *Brown* v. *Bellows,* 4 *Pick.* 179; *Whitaker* v. *Salisbury,* 15 *Mass. R.* 544; *State* v. *Norris,* 1 *Hayw.* 429.

*S. Fessenden* and *W. P. Fessenden* argued for *Dennett,* that there was no distinction between this case, and that of a deed, a bond or a note, where the law requires the subscribing witness to be called before the paper can be read; that the rule of law is well established, that a party cannot discredit his own witness; that the utmost extent of any exception to the rule is, that the party is not estopped from proving the fact, by other witnesses after having called a witness who states it differently from his expectations. He may therefore prove the facts to be different from the statement of them by a witness he has called. Proving what his own witness has said at other times, does not establish the existence of any fact, but merely shows that the witness is unworthy of belief, because he has given different accounts of the same transaction. The appellee was under no necessity of inquiring as to the sanity of the testator of the subscribing witness, after proof of the signature, but might call other witnesses. There is not even the pretence, that he was compelled to ask these questions. 1 *Stark. Ev.* 147, 334; 1 *Phil. Ev.* 356, 378, 412; *Peake's Ev.* 8; *Powell on Dev.* 708; *Roberts on Dev.* 179, 187; *Ewer* v. *Ambrose,* 7 *Barn. & Cr.* 746; *Richardson* v. *Allan,* 2 *Stark. Cas.* 334.

The opinion of a majority of the Court, SHEPLEY J. dissenting, was drawn up by

WESTON C. J. — The party who would establish a will is bound by law to call the subscribing witnesses. By their attestation, they give credit to the will; and *Parsons C. J.* says, it is their duty to be satisfied of the sanity of the testator, before they subscribe the instrument. *Buckminster & al.* v. *Perry,* 4 *Mass. R.* 593. But they may disappoint the expectations of the party, who calls them. They may deny their attestation as witnesses, or they may testify, that the testator was not of sound disposing mind and memory.

The party however is not precluded from showing, that the testimony, thus unexpectedly given, is not true. Wills have been established, where the subscribing witnesses have denied their attestation. *Pike* v. *Badmering*, cited in 2 *Strange*, 1096; *Alexander* v. *Clayton*, 4 *Burrow*, 2224. In the latter case, *Lord Mansfield* said, it is of terrible consequence, that witnesses to wills should be tampered with to deny their own attestation; and *Mr. Justice Ashton* notices a fact bearing against their testimony, that every one of the witnesses had acknowledged their having attested the will. There must then have been evidence in the case, that they had made such acknowledgment. And this must have been elicited by the party, by whom they were called, and whose interest it was to establish the will. In *Lowe* v. *Jolliffe*, 1 *Bl. Rep.* 365, the three attesting witnesses to the will, and two to the codicil, testified against the capacity of the testator to make a will, yet they were suffered to be contradicted, and the will was established by other testimony. The same rule has been applied, where the subscribing witnesses to other instruments deny their attestation, or fail to prove their execution; although this was at one time doubted. *Abbott* v. *Plumb*, *Douglas*, 215.

The credit of the party's witness is thus, by necessary implication, impeached, by showing the falsity of his testimony. This may be done, by calling witnesses directly to contradict him. To prove that he has contradicted himself, is of the same character in principle. The question to be determined is, the truth or falsity of his testimony. A want of consistency, conflicting declarations, made at other times, whether under oath or not, are fairly calculated to throw light upon this question. And if excluded, the party who has no other alternative but to call the witness, is obliged by force of a technical rule, to submit to a perversion of truth, which he has it in his power to expose, from the declarations of the witness himself. The rule is intended to promote the cause of justice, by refusing to allow a party the advantage of impeaching his witness or not, according to the character of his testimony. And while limited to the case of a witness, whom he is at liberty to produce or not, the rule may be both reasonable and salutary, but when extended to one, without whom he cannot proceed in his case, it is carried farther than the reason of the rule would seem to

justify. And yet we are not aware, that a party has in any case been permitted to impeach the credit of his own witness, by showing that his general character for truth is not good. But when he is obliged to call a subscribing witness, if not in other cases, he may impeach his credit, by showing directly by the testimony of others, that what he has testified to is not true.

It has been found best to serve the cause of truth, that relevant testimony should be liberally received, for the consideration of the jury. Hence many objections are now held to go to the credibility of a witness, which were formerly regarded as affecting his competency. And while a direct impeachment of the credit of the party's own witness has been uniformly denied, an indirect impeachment has in certain cases been permitted. A direct impeachment affects general character, an indirect, brings into question the truth of the facts, to which the witness has testified. And a majority of the Court is of opinion, that in the class of cases, like the one under consideration, this may be done, by showing that the witness has made at other times contradictory statements. In *Brown* v. *Bellows*, 4 *Pick*. 179, this was expressly held not to be in conflict with the general rule, and upon that ground admitted. In *Whitaker* v. *Salisbury*, 15 *Pick*. 544, the court decide, that the party who calls a witness, shall not be permitted to impeach his general character, which they state was also decided in *Brown* v. *Bellows*. But in the latter case, proof of conflicting declarations as to the fact, to which the witness had sworn, was not regarded as impeaching his general character.

It is not easy to extract from the case of *Ewer* v. *Ambrose*, 3 *Barn. & Cres.* 746, any decided opinion, upon the point under consideration. *Bayley J.* notices that it is a case, where the witness was not forced upon the party, as he was here. He thought the party was not to be permitted to discredit his own witness, by producing an answer made by him in chancery, conflicting with his testimony. And he adds, " the present impression of my mind therefore is, that the answer ought not to have been received in evidence." *Holroyd J.* says, " it was certainly not admissible to prove generally, that the witness was not worthy of any credit. It might perhaps be admissible, if the effect of it were only to show that, as to the particular fact sworn to at the trial, the witness was

mistaken." *Littledale J.* says, "it may be a doubtful question, whether the answer in chancery was properly received to prove a different state of facts, from that which the witness had sworn to at the trial. At all events, it could only be admissible to contradict the particular fact, to which the witness had then sworn."

Such a limitation of the technical rule, as applied to witnesses, the party is obliged to call, as would admit the testimony rejected in this case, will lead to a more thorough investigation of the facts, upon which a jury may be called to pass, and will best promote the cause of truth. And the case before us very strongly illustrates the necessity of such a limitation. The subscribing witnesses must have been aware, that their attestation was desired to support the will. By becoming such, they are supposed to have satisfied themselves of the capacity of the testator. At the trial, they impeach the will upon this ground. If this may not be repelled, by showing that they have declared and testified differently, the whole weight of their judgment is thrown against the will, although it may be shown from their own mouths, either that their judgment, from want of consistency, is entitled to little weight, or that they have not truly stated the facts. It results, that competent and admissible testimony, in the opinion of a majority of the Court, having been rejected at the trial, the verdict must be set aside, and a new trial granted.

A dissenting opinion was drawn up by

SHEPLEY J. — The rules of evidence are the result of sound reasoning and of long experience, proving, that their general operation is to aid in the investigation of truth, while it may be from the imperfection of all human regulations, that they will not have that effect in every instance. The general good result is to be regarded rather than the particular inconvenience. And some general rules must be established, or it will be within the unregulated discretion of each Judge to admit such and only such testimony as may seem to him expedient. It is upon these and other considerations more immediately applicable to it, that the rule has been established, that no one shall be permitted to impeach the credibility of his own witness; while he is left at liberty to prove the facts to be different from the statement of them by the witness.

That the rule generally operates favorably in the investigation of truth, can hardly be questioned. Without it, a party might produce a witness upon whom he had operated, and if any better influence should induce him to abandon his purpose, or the cross examination should oblige him to do it, he might be prepared to destroy his credibility by having caused him to make statements out of court contradicting those, which might be drawn from him on the trial, and by proving them, prevent his being injurious to him, when he could not or would not be useful. It is insisted, that there is no such danger, where a party is obliged to call an attesting witness, for he does not elect, but is required by law to call him. But the law obliges him to call the witness, because he originally elected him, or consented to his selection, as a witness to that transaction. And the only difference is, that he agreed, that he should be a witness and judged him to be a proper and credible one at the time of the execution of the instrument, instead of doing it at the time of preparation for the trial. The same mischiefs may arise in the case of attesting witnesses as in other cases. The party wishing to obtain an improper advantage may prepare the witness for his purpose, and place him in a position by rehearsals before others, that he can destroy his credibility, if he does not aid him to carry out that purpose. It is true, that this reasoning does not apply to those cases, where the party calling the subscribing witness is not a party to the instrument. But in such cases holding under it, and undertaking to establish it, he may be fairly visited by the consequences, which result from the acts of the parties in executing it, unless protected from them because he stands in the relation to it of an innocent purchaser. And then he does not require any aid from the law of evidence to afford him that protection. The testimony offered in this case must therefore be regarded as excluded by the rule, that a party cannot be permitted to discredit his own witness. The exception to this rule, which is now to be established, is not known to have been admitted in any decided case. On the contrary there are in my judgment most respectable authorities opposed to it. The rule is stated by *Starkie* to be, that where a party is under the necessity of calling a witness to make the formal proof required by law, he is not precluded from calling other witnesses, who give contradictory testimony. 1 *Stark.*

*Ev.* 185, (*6th Amer. Ed.*) And this is the extent allowed by that treatise to the party obliged to produce a witness to affect his testimony. The cases of *Lowe* v. *Jolliffe*, 1 *Bl. R.* 365, and of *Pike* v. *Badmering*, 2 *Stra.* 1096, are not understood as authorizing the party calling the attesting witnesses to discredit them in any other mode. Whether the testimony offered tends to impeach the credibility of the witness, or whether it may not tend to prove a fact in the case respecting which the witness has testified, may in some cases admit of doubt. This doubt may usually be solved by the inquiry whether independent of other testimony it would be admissible to prove a fact in the case. If it would not, the effect is only to impeach the credibility of the witness. The case of *Ewer* v. *Ambrose*, 3 *B. & C.* 746, is an authority to shew that testimony to discredit a witness, which the party was not obliged to call, by proving that he had made a different statement cannot be admitted. In that case the party calling a witness to prove a partnership between himself and others, who denied it, was permitted to put in an answer made by the witness and another in chancery admitting it. On consideration before the full bench the only doubt about the necessity of excluding the answer appears to have been, whether it might not of itself be evidence to prove the partnership. *Bayley J.* says, " I think the defendant ought not to have been permitted to discredit his own witness." And he speaks of the cases where the witness is forced upon the party, explaining to what extent in such cases the party calling the witness is bound by his testimony, and does not intimate any different rule as to the right to discredit him. In *Jackson* v. *Varrick*, 7 *Cow.* 238, the defendants called the subscribing witness to a bond, who was interested against them, and who denied that he witnessed it ; and the plaintiff was permitted, defendants objecting, to cross examine him to prove his own case. The Court say, he " was properly admitted to his cross examination as a competent witness for the plaintiff. He was introduced and sworn generally by the defendants, being as they contend interested to testify against them. They could not afterwards question his competency or credibility." The case of *Brown* v. *Bellows*, 4 *Pick.* 194, is not understood to be contradictory. The general rule, that a party is not to be allowed to discredit his own witness is recognized and affirmed. The subscrib-

Dennett v. Dow.

ing witness in that case appears in other respects to have been in a position resembling that of the witness in the case of *Ewer* v. *Ambrose*. The plaintiff contended, that he was interested in the purchase with the defendant. The witness denied it. The plaintiff was permitted to prove his former declarations tending to prove it. The Court say, "the rule is by no means to extend so far as that a party may not call a witness to prove a fact, which a witness previously called by him has denied." And they conclude by saying, "we think the plaintiff was not bound by the answers, which *Lord* made on his cross examination, but might by another witness disprove the fact, which *Lord* had stated." The principle upon which *Lord's* former declarations were admitted is believed to have been, that they tended to prove the fact, that he was interested in the purchase. Whether the testimony was correctly admitted or not upon that principle is immaterial. That such was the ground of its admission, and that the Court intended to deny the right of a party calling a subscribing witness to impeach his credit in any other mode than by proving a fact to be different from his statement of it, is shewn by the case of *Whitaker* v. *Salisbury*, 15 *Pick*. 544. In that case the defendant was permitted to impeach the character of a subscribing witness, which he had been obliged to call; and the Court say, " the next question for consideration is, whether the defendant had a right to impeach the general character for truth of the witness, who was called for the defendant. This question was considered as settled by the case of *Brown* v. *Bellows*, 4 *Pick*. 194." Here then are two decisions against the right of a party to impeach the general character for truth of a subscribing witness, which he has been obliged to call. They do not distinctly decide, that his credibility may not be impeached by proving, that he has made contradictory statements, for that question did not arise. But the difference in principle between those cases and this is not perceived. And in discussing the question, that Court seems to regard it as the same question for they say, " the law will not suppose, that a party will do any such thing, but will hold the party calling the witness to have adopted and considered him as credible."

Upon principle and upon authority, the testimony appears to me to have been properly excluded. And to admit it in this case be-

cause the reasons upon which the rule has been established are not perceived to exist, would in my judgment have a tendency to unsettle the law of evidence by preferring the particular benefit to the general good.